# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**DAVID JOHN JOHNSON,** §
*Petitioner* §
§
§
**v.** §    **No. 1:25-CV-01996-DAE**
§
**ANTHONY HIPOLITO,** §
*Respondent* §
§

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is David Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Dkt. 1. The undersigned submits this report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. The undersigned recommends that the District Judge dismiss Johnson's petition.

## I.    BACKGROUND

Johnson is a state pretrial detainee. Dkt. 1, at 7. He asks the Court to issue a writ of habeas corpus on the grounds that (1) he did not violate the law, (2) the victim of the crime with which he has been charged was "stalk[ing] and harass[ing]" him, and (3) double jeopardy bars this prosecution. *Id.* at 6. As he is a pretrial detainee, he has not presented any of these issues on appeal. *Id.* at 6-7.

Johnson states he filed a motion "to uphold verdict of mistrial" in state court. *Id.* at 5. A review of Johnson's state-court records suggests Johnson may have made

1

this motion following his initial trial, which resulted in a hung jury. Johnson's case is set for trial again on May 4, 2026.[1]

## II.    LEGAL STANDARD

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241 if two requirements are satisfied. First, the petitioner must be in custody. 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Second, the petitioner must have exhausted his available state remedies. *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 489 (1973); *Saucier v. Warden*, No. 94-41050, 1995 WL 71331, at *1 (5th Cir. Jan. 27, 1995) (stating that court cannot reach merits of petition seeking pretrial federal habeas unless state habeas remedies have been exhausted).

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Thus, the petitioner must present his claims to the state courts in a procedurally correct manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Further, a claim is deemed "fairly presented" in state court only if the petitioner relies upon identical facts and legal theories in both the state court proceeding and the action for federal habeas relief, thereby alerting the state court to the federal nature of the claim.

---

[1] *See* Fed. R. Evid. 201(b) (explaining that courts may take judicial notice of fact not subject to reasonable dispute because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (approving judicial notice of public records by district court reviewing motion to dismiss).

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

## III.   DISCUSSION

Johnson's petition should be denied for failure to exhaust state-court remedies. The undersigned takes judicial notice of the public records related to Johnson's criminal charges in Case No. CR-23-1082-C in Hays County, Texas. *See* Fed. R. Evid. 201(b); *Funk*, 631 F.3d at 783. The docket sheet of Johnson's state case reflects he is represented by appointed counsel, and there is no indication he has presented his claim to the highest state court. Accordingly, Johnson has not yet exhausted his available state remedies and his petition should be dismissed on this basis. *See Saucier*, 1995 WL 71331, at *1.

Further, the Court should abstain from hearing Johnson's petition under the *Younger* abstention doctrine. The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted). If the *Younger* test is met, a federal court may only enjoin a pending state criminal proceeding if "narrowly delimited" exceptions apply: "(1) the state court proceeding was brought in bad faith

3

or with the purpose of harassing the federal plaintiff, (2) the state statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) application of the doctrine was waived." *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (internal quotation marks omitted).

*Younger* applies to Johnson's case. First, since Johnson seeks a determination that he did not violate the law and that he was threatened by the alleged victim, the relief he seeks would interfere with the state criminal case against him. Second, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). Texas is prosecuting Johnson for aggravated assault with a deadly weapon. Tex. Penal Code § 22.02(a)(2). Therefore, Texas has an important interest in regulating Johnson's claim. Third, Johnson has an opportunity to raise his constitutional claims in state court. *See Younger*, 401 U.S. at 49 (noting that since a criminal proceeding was already pending in the state court, the detainee had an opportunity to raise his constitutional claims). Finally, because there is no evidence that the state court proceeding was brought in bad faith, that the criminal statutes Johnson allegedly violated are patently violative of express constitutional prohibitions, or that application of *Younger* was waived, no exception applies. *See Tex. Ass'n of Bus.*, 388 F.3d at 519. Accordingly, even if Johnson's claims were not barred by his failure to exhaust state remedies, the undersigned would recommend dismissing his first and second claims for relief under *Younger*.

Finally, Johnson argues that a writ should issue because double jeopardy bars his upcoming trial. Dkt. 1, at 6. According to Johnson, the jury in his first trial reached a valid verdict acquitting him. *Id.* Contrary to Johnson's understanding of the facts, the record reflects that Johnson's first trial resulted in a hung jury and no verdict was rendered. Since "the Double Jeopardy Clause does not prevent a retrial following a mistrial due to a hung jury," Johnson's petition should be denied. *Robinson v. Lopinto*, 601 F. Supp. 3d 55, 57 (E.D. La. 2022) (citing *Yeager v. United States*, 557 U.S. 110, 118 (2009)).

## IV.    RECOMMENDATION

In accordance with the above discussion, the undersigned **RECOMMENDS** that the District Judge **DISMISS** Johnson's petition for writ of habeas corpus, Dkt. 1, without prejudice.

The referral of this case to the Magistrate Judge should now be canceled.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and,

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 2, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE